IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA ex rel.)
DECORY DEVELL FRANKLIN #R28072,  )
                                 )
            Petitioner,          )
                                 )
     v.                          )    No.  13 C 3973
                                 )
MICHAEL LEMKE, Warden,           )
                                 )
            Respondent.          )

MEMORANDUM OPINION AND ORDER

Decory Devell Franklin ("Franklin") has just filed a 28 U.S.C. §2254[1] Petition for Writ of Habeas Corpus ("Petition") in which he challenges his February 25, 2004 conviction on a charge of attempted First Degree Murder, on which he is currently serving a 50-year sentence.  As is most often the case with state prisoners advancing federal constitutional challenges to their convictions, Franklin has used the form of Petition made available by this District Court's Clerk's Office, filling in the relevant information in handprinted form.  This memorandum opinion and order is issued sua sponte because on its face the Petition discloses its untimeliness in statute of limitations terms.

According to Petition Pt. I ¶5, Franklin's direct appellate review process ended with the October 5, 2009 denial of his petition for a writ of certiorari from the United States Supreme

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

Court (that of course occurred after Franklin's appeal had wended its way through the state court system, with the last state court action having been the March 25, 2009 affirmance of his conviction and sentence by the Illinois Supreme Court). According to Petition Pt. II ¶1.B, Franklin then instituted a state court post-conviction proceeding on May 3, 2010, 6 months and 28 days after the denial of the petition for certiorari.

According to the Motion for Stay and Abeyance that Franklin has filed to accompany his Petition, that state post-conviction petition was initially dismissed in July 2010 on untimeliness grounds. Then a late notice of appeal was allowed in November 2010, after which Franklin's post-conviction petition was successively addressed at all three levels in the state court system: the Circuit Court of Cook County, the Illinois Appellate Court and the Illinois Supreme Court, which affirmed the lower courts' denial of relief on November 28, 2012.[2]

But it was not until May 29, 2013 that this District Court's Clerk's Office received the Petition and its accompanying papers, as evidenced that office's date stamp. That was 6 months and 1

---

[2] This Court will not parse those state court proceedings to see whether any part of the 2-1/2 year interval between the initial May 2010 filing and the ultimate November 2012 disposition of the state post-conviction petition would fail to qualify for tolling purposes under Section 2244(d)(2). Instead it will make an assumption most favorable to Franklin by treating that post-conviction proceeding as having been "pending" for statutory purposes during that entire time frame.

2

day after the state post-conviction petition ceased to be "pending." And even with the benefit of the "mailbox rule" applicable to prisoner filings (Houston v. Lack, 487 U.S. 266 (1988)), no more than a few days could be lopped off of that time period.

What we have then is that, even when account is taken of the lengthy period during which state post-conviction proceedings are treated as having been pending, nearly a month more than a year elapsed between "the date on which the judgment [of conviction] became final by the conclusion of direct review" (Section 2244(d)(1)(A)) and the date on which Franklin filed his Petition in this District Court (6 months and 28 days plus 6 months and 1 day, with that total perhaps reduced by some few days by operation of the "mailbox rule"). That being the case, the Petition is clearly untimely under Section 2244(d).

That, however, does not call for an immediate sua sponte dismissal, for Section 2244(d) timeliness is not jurisdictional. So because of the possibility, however remote, that the State might waive the bar of limitations, this Court is transmitting a copy of this memorandum opinion and order to the Illinois Attorney General's Office with the request that it be advised on or before June 24 whether that office is moving for dismissal on timeliness grounds or is instead waiving the statute of

limitations.[3]

_____
Milton I. Shadur
Senior United States District Judge

Date: June 4, 2013

---

[3] Meanwhile no action will be taken on Franklin's stay-and-abey motion (on the merits of which no view is expressed here). If the Petition is indeed dismissed, the motion will perish with it.